UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

DEREK LASHUN LUCAS,

     Petitioner,

v.

J. C. HOLLAND, Warden,

     Respondent.

Civil No. 6:15-085-KKC

**MEMORANDUM ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Derek Lashun Lucas is a federal inmate confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Proceeding *pro se*, Lucas has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging both the manner in which the Bureau of Prisons ("BOP") is executing his sentence and the legality of his conviction on the drug and firearm offenses for which he was convicted in the Western District of Tennessee. [R. 1]. Lucas requests to be released from custody.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Lucas's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Lucas's factual allegations as true, and

construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Lucas's petition, in the absence of additional information, the Court is presently unable to determine whether Lucas is entitled to any relief. For this reason, Lucas's motion for summary judgment [R. 8], motion for issuance of the writ, return, hearing; decision [R. 9], motions for default judgment [R. 11; R. 12], and his "Demand For Judgment; Relief To Be Granted" [R. 13] will be denied without prejudice as prematurely filed.

### FACTUAL BACKGROUND

On February 8, 2011, a federal grand jury returned a two-count indictment against Lucas and four co-defendants, Derrick Dowdy, Charol Neal, Darnell Wallace and Aric Scott. *See* United *States v. Lucas, et al*. No. 2:11-cr-20032-02-STA (W.D. Tenn. 2011) [R. No. 26 therein]. On April 24, 2012, the grand jury returned an eight-count superseding indictment. *Id.*, R. No. 149 therein. Lucas was named in Counts 1 and 2. Count 1 charged that, from in or about December 2010 and continuing until on or about February 1, 2011, the defendants conspired with one another and with other persons to possess five kilograms or more of a mixture and substance containing a detectable amount of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. Count 2 charged that, on or about February 1, 2011, the defendants, aided and abetted by one another, possessed various firearms, in furtherance of the drug-trafficking crime charged in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. On June 20, 2012, the Government filed a notice pursuant to 18 U.S.C. § 3559(c) regarding Lucas's previous convictions. *Id.*, R. No. 171 therein.

Lucas proceeded to a jury trial on the charges against him.  On July 13, 2012, the jury returned a guilty verdict on Counts 1 and 2 of the Superseding Indictment.  *Id.*, R. No. 203, No. 206 therein.  At a hearing on October 31, 2012, Lucas was sentenced to life imprisonment on both Counts 1 and 2.  *Id.*., R. No. 251; No. 252 therein.  Lucas appealed his conviction and sentence, but the Sixth Circuit Court of Appeals affirmed.  *United States v. Lucas*, 542 F. App'x 510 (6th Cir. 2013) (per curiam).

Thereafter, on May 5, 2014, Lucas, proceeding *pro se*, filed a motion in the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.  *See Lucas v. United States,* No. 2:14-cv-02324-STA-cgc (W. D. Tenn. 2014) [R. 1 therein].  On July 1, 2015, the trial court denied Lucas's § 2255 motion.  *Id.*, R. 7; R. 8 therein.

In his § 2241 habeas corpus petition, Lucas states that he is challenging both the legality of his underlying conviction and the manner in which the sentence is being executed by the BOP.  Lucas has filed an administrative remedy with the BOP and appears to have exhausted that administrative remedy.  Lucas identifies his administrative remedy as No. 799329-F1, and his appeals of that remedy as No. 799329-R1 and No. 799329-A1, respectively.  However, Lucas did not submit with his habeas petition either his initial administrative remedy No. 799329-F1 or any of his appeals of that administrative remedy, or any of the BOP's responses/decisions on this administrative remedies and his appeals thereof.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Although 28 U.S.C. §2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to

Section 2241.  In particular, the Sixth Circuit has held that a §2241 applicant is first required to exhaust his administrative remedies through the BOP's administrative grievance procedures prior to filing a habeas corpus petition.  *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) *per curiam*.  *See also Hacker v. Fed. Bureau of Prisons*, 2006 WL 2559792, 5 (E.D. Mich. 2006) ("The Sixth Circuit has approved of the general principle that the Bureau of Prisons should be allowed the opportunity to consider the application of its policy to a habeas petitioner's claims before the federal courts entertain them.") *citing Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423 (6th Cir. 2000) (a federal prisoner must first exhaust his available administrative remedies before filing a § 2241 petition); *United States v. Oglesby*, 52 F. App'x 712, 714, (6th Cir. 2002) *citing United States v. Wilson*, 503 U.S. 329, 335 (1992); *Grant v. U.S. Eastern District Court of Kentucky*, 2007 WL 4328037 (E.D. KY 2007)(Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241); *Irvin v. Federal Bureau of Prisons*, 2009 WL 1616676 (W.D. KY 2009).

The Supreme Court has identified several sound policy reasons for the mandatory exhaustion requirements.  These include: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the

4

administrative process could weaken the effectiveness of an agency by encouraging people to ignore its procedures. *McKart v. United States*, 395 U.S. 185, 193-195 (1969); *Weinberger v. Salfi*, 422 U.S. 749 (1975). Thus, absent exhaustion of administrative remedies judicial review is not available under 28 U.S.C. §2241. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under §1983").

In particular, administrative exhaustion permits the agency to review and possibly correct its own errors without court intervention and facilitates any potential judicial review. *See Bethea v. DeWalt*, 2010 WL 55924 (E.D. KY 2010) (the exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action.); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991)(stating that petitioner was "demanding that the federal court order the agency to correct an error rather than permitting the agency to do so on its own."); *Barney v. Correctional Medical Services, Inc.*, 2009 WL 3711612, 12 (W.D. Mich. 2009) ("Proper exhaustion often results in the creation of an administrative record that is helpful to the court."); *Spencer v. Martinez*, 2009 WL 454474, 1(M.D. Pa. 2009) (administrative exhaustion of claims raised under §2241 is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.") *quoting Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996).

The requirement that administrative remedies be exhausted prior to filing suit mandates that those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 548 U.S. at 92-94. The BOP has established a three-tiered Administrative Remedy Program whereby an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542.10, *et seq*.[1]

In the present case, Lucas's petition is unaccompanied by a copy of the administrative remedy he identifies as No. 799329-F1, No. 799329-R1, and No. 799329-A1. Lucas also failed to include a copy of any of the BOP's responses to this administrative remedy. While it appears that Lucas may have exhausted the administrative remedy in question, the Court has no knowledge of that administrative remedy and/or the BOP's responses thereto. Thus, at this juncture, the Court concludes that additional information is required before a decision can be made on this matter.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Within thirty (30) days of the date of this Order, Lucas is directed to provide the Court with (1) a copy of his Administrative Remedy No. 799329-F1 and the Warden's response thereto; (2) a copy of his Administrative Remedy No. 799329-R1 and the response of the BOP's Regional Office thereto; (3) a copy of his Administrative Remedy No. 799329-A1 and the response of the BOP's Central Office thereto, and (4) any additional

---

[1] After the inmate has attempted to resolve his respective matter of concern informally, an initial request is made to the Warden at the institution level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days of receiving the Warden's response. See 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within 30 days of receiving the Regional Director's response. *Id*. The Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his or her confinement, to include appeals of disciplinary decisions by the DHO. 28 C.F.R. § 542.10. Appeals from a DHO decision do not require an initial filing at the institutional level and are initially submitted to the Regional Director for the region where the inmate is located at the time of filing. 28 C.F.R. 542.14(d)(2).

documentation Lucas may have in his possession that he believes is supportive of his habeas petition.

       2.       Lucas's motion for summary judgment [R. 8] is **DENIED WITHOUT PREJUDICE** as prematurely filed.

       3.       Lucas's motion for issuance of the writ, return, hearing; decision [R. 9] is **DENIED WITHOUT PREJUDICE** as prematurely filed.

       4.       Lucas's motions for default judgment [R. 11; R. 12] are **DENIED WITHOUT PREJUDICE** as prematurely filed.

       5.       Lucas's "Demand For Judgment; Relief To Be Granted" [R. 13] is **DENIED WITHOUT PREJUDICE** as prematurely filed.

Dated September 29, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7

8