UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- AT LONDON

| | |
|---|---|
| DEREK LASHUN LUCAS, a/k/a Derek Lucas,[1]<br><br>    Petitioner,<br><br>v.<br><br>J. C. HOLLAND, *Warden*,<br><br>    Respondent. | CIVIL ACTION NO. 6:15-CV-85-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Petitioner Derek Lashun Lucas is an inmate confined by the BOP at the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Lucas has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], in which he challenges his federal drug and firearm and convictions and his resulting life sentence. Lucas has paid the $5.00 filing fee. [R. 6]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Lucas is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007) At this stage of the proceeding, the Court accepts Lucas's factual allegations as true and liberally construes his legal claims in his favor. But for the reasons set forth below, the Court

---

[1] The Bureau of Prisons ("BOP") identifies Lucas, BOP Register No. 24503-076, as "Derek Lucas." *See* https://www.bop.gov/inmateloc/ (last visited on March 4, 2016). Accordingly the Clerk of the Court will be directed to list, on the CM/ECF cover sheet, "Derek Lucas" as an alias designation for Derek Lashun Lucas.

determines that Lucas is not entitled to the relief which he seeks, and that his § 2241 habeas petition must be denied.

## LUCAS'S CRIMINAL CONVICTION, APPEAL, AND PRIOR COLLATERAL CHALLENGE

On February 8, 2011, a federal grand jury in Memphis, Tennessee returned a two-count indictment against Lucas and four co-defendants. *United States v. Lucas*, No. 2:11-cr-20032-02-STA (W.D. Tenn.) [R. 26, therein] On April 24, 2012, the grand jury returned an eight-count superseding indictment; Lucas was named in Counts 1 and 2 of the superseding indictment. [R. 149, therein] Count 1 charged that, from in or about December 2010 and continuing until on or about February 1, 2011, all defendants conspired with each other and with other persons to possess five kilograms or more of a mixture and substance containing a detectable amount of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. Count 2 charged that on or about February 1, 2011, all defendants, aided and abetted by each other, possessed various firearms in furtherance of the drug-trafficking crime charged in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. On June 20, 2012, the Government filed a notice pursuant to 18 U.S.C. § 3559(c) regarding Lucas's previous convictions. [R. 171, therein]

The cases proceeded to trial, and on July 13, 2012, the jury returned a guilty verdict on Counts 1 and 2 of the Superseding Indictment. [R. 203, therein] On October 31, 2012, the district court sentenced Lucas to life imprisonment, *see* R. 251, therein; R. 272, therein, and on November 5, 2012, the Criminal Judgment was entered. [R. 252, therein] Lucas appealed, but the Sixth Circuit Court of Appeals affirmed. *United States v. Lucas*, 542 F. App'x 510 (6th Cir. 2013) (per curiam).

On May 5, 2014, Lucas, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Lucas v. United States*, No. 2:14-CV-02324-STA-cgc

2

(W.D. Tenn. 2014) [R. 1, therein]  On February 18, 2015, Lucas filed an amended § 2255 motion which superseded his original § 2255 motion. [R. 3, therein]  In his amended § 2255 motion, Lucas asserted ten (10) separate grounds for relief, each of which he attempted to connect to a corresponding provision of the Bill of Rights.  On July 1, 2015, the district court denied Lucas's § 2255 motion, as amended, finding that it was "entirely lacking in substantive merit." [R. 7, p. 11, therein]  A summary of the ten claims which Lucas raised in that motion, as amended, and the district court's disposition of those claims is necessary to fully evaluate Lucas's § 2241 petition filed in this proceeding.

In his first claim, Lucas alleged that the district court lacked "in personam and in rem jurisdiction" (citation omitted)  The district court rejected that claim, explaining that it had jurisdiction over the criminal case under 18 U.S.C § 3231, because Lucas was indicted by a federal grand jury and was charged with violating federal criminal statutes; the original and superseding indictments charged that the offenses were committed in the Western District of Tennessee; and Lucas was arrested in the Western District of Tennessee. [*Id.*, pp. 11-12, therein]  The district court further concluded that Lucas's defense counsel was not ineffective in failing to raise that issue, because it was frivolous. [*Id.*, p. 12, therein]

In his second claim, Lucas next alleged that his right to privacy had been violated because he had been disenfranchised, transported against his will to various prisons, forced to perform work assignments for pennies a day, and confined to a special housing unit for twenty-three hours a day.  Lucas also alleged that he had been entrapped in violation of his right to free speech.

The district court dismissed Lucas's challenge to the conditions of his confinement based on the fact that such claims are not cognizable in § 2255 motion. [*Id.*]  The district court next carefully analyzed Lucas's entrapment argument, but determined that Lucas set forth no facts suggesting that his defense counsel failed to advance a viable entrapment,

3

citing to parts of the trial transcripts in which Lucas's defense counsel informed Lucas on several occasions that an entrapment defense would likely be unsuccessful. [*Id.*, pp. 13-14, therein]

In his third argument, Lucas argued that because he did not possess a firearm and because he was not charged with unlawfully possessing a firearm, his conviction under 18 U.S.C. § 924(c) was invalid. The district court dismissed that claim because Count 2 of the superseding indictment charged that *all* defendants aided and abetted by each other with possessing firearms in furtherance of the drug trafficking crime charged in Count 1, in violation of 18 U.S.C. §§ 924(c) and 2. [*Id.*, p. 14, therein] The district court explained that under 18 U.S.C. § 2(a) "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal," and that accordingly, the jury was properly instructed that it could convict Lucas on Count 2 if he actually or constructively possessed a firearm or if he aided or abetted one or more co-defendant's possession of firearms. [*Id.*] The district court noted that the jury concluded that Lucas had personally possessed (either actually, constructively or jointly) various firearms; that he had aided and abetted the possession of each of the charged firearms; and that he was legally responsible for his co-conspirators' possession of each of the charged firearms. [*Id.*] The district court noted that Lucas failed to cite any legal authority for the proposition that a defendant can be convicted of violating 18 U.S.C. § 924(c) only if he illegally possessed a firearm in violation of 18 U.S.C. § 922(g). [*Id.*, p. 15, therein]

In his fourth claim, Lucas alleged that he had been kidnapped and processed into the Shelby County Detention Center on February 1, 2011, and held without a complaint or warrant until February 3, 2011, thereby damaging his religious property, in violation of his rights guaranteed by the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable searches and seizures. The district court dismissed that claim, finding that no

4

Fourth Amendment violation had occurred, and that a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. [*Id.*, p. 16, therein]

In his fifth claim, Lucas alleged that he had been denied due process in violation of his rights guaranteed under the Fifth Amendment of the U.S. Constitution, because (1) federal agents had entrapped him; (2) the arrest warrant was not based on a written complaint and a probable cause hearing, (3) he had been kidnapped; (4) the grand jury was not properly constituted, and (5) he was forced to incriminate himself by answering to his name during court proceedings. The district court dismissed Lucas's due process claim, finding that Lucas had received all of the process to which he was entitled, as he was indicted by a grand jury and convicted after a jury trial, and that the use of previous convictions to enhance a defendant's sentence does not violate the Double Jeopardy Clause. [*Id.*, pp. 17-18, therein] Next, the district court determined that Lucas's claim--that no probable cause existed for his arrest--could not be properly asserted in a § 2255 motion, and that even if it could, the claim was meritless. [*Id.*, p. 18, therein] The district court explained that although Lucas's arrest on February 1, 2011, was not pursuant to a warrant, his arrest was constitutionally valid because investigators had probable cause to believe he was about a commit a crime, *i.e.*, the offenses alleged in Counts 1 and 2 of the superseding indictment. [*Id.*]

In his sixth claim (which the district court found to be "largely incomprehensible", *see id.*, p. 19), Lucas broadly alleged that his various rights guaranteed by the Sixth Amendment of the U.S. Constitution were violated during his criminal proceeding. Lucas alleged that his right to confront witnesses was violated because the United States is a corporation, and thus a "legal fiction" which could not confront him. The district court dismissed that claim because Lucas had a trial in which witnesses testified, and because his attorney had the opportunity

5

to cross-examine each of the Government's witnesses. [*Id*., p. 19] To the extent that Lucas complained that the presiding judge was United States Bankruptcy Judge and that the jury pool was comprised of registered voters, the district court dismissed those claims were frivolous. [*Id*.] The district court likewise dismissed Lucas's other Sixth Amendment claim alleging the denial of a speedy trial, citing (1) numerous motions which Lucas's defense counsel filed seeking additional time in which to prepare for trial, and (2) the motion to dismiss the indictment which Lucas filed *on his own* in late November 2011, which was not resolved until February 21, 2012; and (3) the filing of the superseding indictment on April 24, 2012. [*Id*., pp. 19-20, therein] Finally the district court dismissed Lucas's claim alleging that he received ineffective assistance of counsel, finding that Lucas had alleged no facts indicting that his counsel had an actual conflict of interest; that he suffered any prejudice from his attorney's requests for continuances for additional time to prepare; or that he was prejudiced by his attorney's question, at the July 9, 2012 *ex parte* hearing, whether he was the same Derek Lucas who was charged in the superseding indictment.[2] [*Id*., p. 21, therein]

In his seventh claim, which the district court described as "incomprehensible," *see id*., p. 21, therein, Lucas alleged that this criminal prosecution violated the Seventh Amendment of the U.S. Constitution. The district court dismissed that claim because the Seventh Amendment applies only to civil cases, not criminal cases. [*Id*., p. 22, therein] In his eighth claim, Lucas alleged that his rights guaranteed under the Eighth Amendment of the U.S. Constitution had been violated because he was denied bail and was subjected to cruel and unusual punishment. The district court dismissed that claim, which it described as "incoherent," finding that (1) a challenge to a denial of bail cannot be litigated in a § 2255 motion because it does not affect the validity of the criminal judgment, and (2) even if that

---

[2] On this issue, the district court observed that because Lucas had been fingerprinted upon his arrest, he had already been identified prior to trial. [*Id*.]

6

were not so, the denial of bail for an offender who presents a threat to the community or is a flight risk does not violate the Eighth Amendment. [*Id.*, pp. 23-24, therein] To the extent that Lucas alleged that the circumstances of his arrest and pretrial detention constituted cruel and unusual punishment, the district court also rejected that claim as meritless, noting that the Eighth Amendment is not applicable to pretrial detainees. [*Id.*, p. 24, therein]

In his ninth claim, which Lucas labeled as "Amendment IX deprivation, Enumeration/Construed/Disparage," Lucas broadly alleged that his rights guaranteed under the Ninth Amendment of the U.S. Constitution had been violated. The district court dismissed that claim, finding that Lucas failed to demonstrate how his conviction violated his rights under the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." [*Id.*, p. 25, therein, (citing U.S. Const. amend. IX)]

In his tenth and final claim, Lucas alleged that his rights guaranteed under the Tenth Amendment of the U.S. Constitution had been violated. The Tenth Amendment to the United States Constitution provides that "[t]he powers not delegated to the United States, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. The district court rejected Lucas's claim, concluding that Lucas had not asserted a coherent argument that his convictions under g 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c)(1)(A) and 2 violated the Tenth Amendment. [*Id.*] The district court cited a Sixth Circuit case holding that § 924(c) does not violate the Tenth Amendment because it "applies only to the use or carrying of a firearm during or in relation to a federal crime. It is a valid measure designed to deter the violence associated with drug trafficking, an activity validly regulated by Congress under the Commerce Clause." [*Id.*, pp. 25-26, therein (citing *United States v. Dumas*, 934 F.2d 1387, 1390 (6th Cir. 1990)]. The district court further noted that a Tenth Amendment challenge to 21 U.S.C. § 846 had been rejected in *United States v.*

*Burgess*, Nos. 90-6187, 90-6329, 90-6346, 1992 WL 393575, at *2 (6th Cir. Dec. 21, 1992). [*Id.* p. 26]

Lucas did not appeal the denial of his § 2255 motion. Before the district court entered its order denying Lucas's § 2255 motion on July 1, 2015, Lucas filed the instant § 2241 petition in this Court on May 15, 2015.[3]

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Lucas advances the same ten claims/challenges which he unsuccessfully asserted in his § 2255 motion. Using the same basic framework, the same sectional headings, the same stilted, awkward language, and the same mostly incomprehensible analogies which he employed in his § 2255 motion, Lucas again challenges the jurisdiction of the federal courts over his criminal prosecution; challenges the sufficiency of the evidence used to convict him; alleges that he was denied his right to counsel during his criminal prosecution (in violation of this rights guaranteed under the Sixth Amendment of the U.S. Constitution); and alleges that he was denied due process during his criminal prosecution (in violation of this rights guaranteed under the Fifth Amendment of the U.S. Constitution).[4]

---

[3] The Court would have been acting within its rights by immediately dismissing Lucas's § 2241 petition as premature when it was filed on May 15, 2015, because at that time, Lucas's § 2255 motion was still pending in the district court in Tennessee. As discussed, the Tennessee district did not resolve Lucas's 2255 motion until six weeks later, on July 1, 2015. The law is well established that a federal prisoner cannot seek relief from his conviction and sentence by way of a § 2241 petition in one district court while his § 2255 motion is pending in the district court in which he was sentenced; he must wait until the district court in which he was sentenced has ruled on his § 2255 motion. *See Smith v. Butler*, No. 6:15-CV-165-DLB, 2015 WL 224925, at *2 (Jan. 15, 2015) (denying § 2241 petition as premature while prisoner's § 2255 motion was pending in the district court where he was sentenced); *Besser v. Holland*, No. 0:11-CV-70-HRW (E.D. Ky. 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*, 478 F. App'x 1001 (6th Cir. 2012); *Colbert v. Ives*, No. 12-CV-99-GFVT, 2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (collecting cases); *White v. Grondolsky*, No. 06-CV-309-DCR, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion). However, given the passage of time and the filing of other documents, the Court will proceed with addressing the merits of Lucas's § 2241 petition.

[4] In his 22-page § 2241 petition, Lucas made affirmative "check-marks" next to his handwritten questions asking him to describe the claims he was asserting. *See* R. 1, p. 1, ¶ 5. Lucas's affirmative "check-marks" appear to the left of his own questions asking inquiring if he is challenging how his sentence is being carried out, calculated, or credited by prison or parole authorities, and if he is challenging the validity of his conviction as imposed. [*Id.*]

The first ten arguments contained in Lucas's § 2241 petition are labeled almost identically to the ten arguments which he advanced in his § 2255 motion, *see* R. 1, pp. 4-17, but Lucas added an eleventh claim to his § 2241 petition, in which he alleges that Respondent J.C. Holland, Warden of USP-McCreary is "falsely imprisoning" him. *Id.*, pp. 17-18. Lucas asks this Court to set aside his conviction and sentence, although the specific (and nonsensical) language that he used in the "Request for Relief" section of his § 2241 petition asks this Court to "…Discharge the Assumed/Presumed Debt [Sin] of the misnomer nom de guerre…and set me Derek Lucas at liberty with the Bond to the case Immediately…." [*Id.*, p. 18]

On September 29, 2015, the Court entered a Memorandum Order in which it indicated that, based on what Lucas had stated in his §2241 petition, Lucas was challenging both the legality of his underlying conviction <u>and</u> the manner in which the BOP was (or is) executing his sentence. [R. 15, p. 1; p. 3]  The Court noted that Lucas had filed incomplete documentation relative to his various administrative remedy efforts, *see id.*, and instructed Lucas to provide further evidence that he had exhausted his administrative remedies as to the construed challenge to BOP's method of executing his sentence. [*Id.*, pp. 6-7; ¶ 1]  On October 15, 2015, Lucas filed more administrative remedy documentation, showing that he unsuccessfully asked the BOP to release him from custody and award him $70 million in damages.  *See* R. 16-1, pp. 1-13.  On June 23, 2015, J. F. Caraway, the BOP's Regional Director for the Mid-Atlantic Region ("MARO"), denied Lucas's BP-11 appeal, stating as follows:

> Investigation of your complaint reveals that you were sentenced to life on October 31, 2012, in United States District Court for the Western District of Tennessee.  Unless an amended Judgment and Commitment Order is received your sentence will remain computed as it is currently.
>
> The Administrative Remedy Appeal process is not the proper avenue to request compensation.  The Federal Tort Claims Act is used to claim money damages.

9

[R. 16-1, p. 13]

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles*, 180 F.3d at 756. Citing almost every amendment enumerated in the U.S. Constitution, Lucas now collaterally challenges his conviction and sentence under

§ 2241 via the "savings clause" of § 2255(e); however, § 2241 is not the proper mechanism for asserting any of the claims and challenges which Lucas now asserts.

Having had the full benefit of reviewing the documents which Lucas filed on October 13, 2015, vis-à-vis his § 2241 petition filed herein on May 15, 2015, this Court now determines that Lucas is challenging **only** the validity of his underlying conviction, and that he is **not** the manner in the BOP is calculating his sentence, such as the application of good-time credits or his eligibility for parole, issues which would directly impact the length of his federal sentence, and which would properly fall under the ambit of 28 U.S.C. § 2241. Admittedly, Lucas made an affirmative "check-mark" next to the question asking him if he is challenging the manner in which the BOP is executing his sentence, *see* R. 1, p. 1, ¶ 5, but the substance of what Lucas has alleged in his § 2241 petition reveals that Lucas is clearly challenge the validity of his underlying conviction, not the manner in which the BOP is applying sentencing credits, determining parole eligibility, or otherwise calculating his prison sentence. Given that determination, the Court will now examine whether Lucas qualifies for relief under the savings clause of 28 U.S.C. § 2255(e).

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); Charles, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. Id. at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles,* 180 F.3d at 756.

11

Lucas has not carried that burden in this § 2241 proceeding. Lucas has slightly reworded and repackaged his earlier "product" which he filed in the district court, so that he now lists eleven challenges to his conviction and sentence instead of ten as he did in his § 2255 motion. But a careful review of Lucas's § 2241 petition and his later-filed submissions reveals that substantively, Lucas is doing nothing more than recycling the same ten challenges in his § 2241 petition which he recently and unsuccessfully asserted in his § 2255 motion. As noted, a federal prisoner may use the "savings clause" of § 2255(e) to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 was "inadequate or ineffective" to test the legality of his detention, but that exception is inapplicable where the prisoner actually asserted the claim (or claims) in a prior post-conviction motion under § 2255 but was denied relief on the claim. *Charles*, 180 F.3d at 756.

Lucas cannot seek another bite of the apple simply by re-asserting the same slightly re-packaged claims in a § 2241 habeas petition which were previously rejected under 28 U.S.C. § 2255. *Charles*, 180 F.3d at 756-58; *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003). Section § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

The eleven listed claims which Lucas asserts in his § 2241 petition are merely re-hashed versions of the same ten claims which the Tennessee district court fully addressed and rejected on July 1, 2015. In his newly added claim (No. 11), Lucas now alleges that he is being falsely imprisoned at USP-McCreary, but as MARO Director Caraway correctly explained on June 23, 2015, the Criminal Judgment entered in the district court in Memphis, Tennessee, remains intact and has not been amended. Accordingly, Lucas remains in the

custody of the BOP where he must serve his life sentence; thus, Lucas is not being "*falsely*" imprisoned, he is being *lawfully* imprisoned. For these reasons, Lucas has not established that his remedy under § 2255 was "inadequate or ineffective" to test the legality of his detention.

Further, to the extent that Lucas may be challenging the propriety of his life sentence, claiming that it was excessive or that it somehow violates the Eighth Amendment, Lucas does not allege that he is actually innocent of the federal firearm and drug offenses of which he was convicted; he instead challenges only the amount of time which he was ordered to serve in prison. In other words, Lucas does not allege that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012). Because the savings clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences, Lucas's construed challenge to any aspect of his sentence does not establish grounds for relief under 28 U.S.C. § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). But here, Lucas fails to cite to any case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentence.

For these reasons, Lucas has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offenses of which he was convicted. Because Lucas is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall, on the CM/ECF cover sheet, **LIST** "Derek Lucas" as an alias designation for Petitioner Derek Lashun Lucas.

2. Lucas's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter an appropriate Judgment.

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 7, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

14